STRICKLAND v. WEST.

4-9462                                        238 S. W. 2d 489

Opinion delivered April 9, 1951.

650

*Alonzo D. Camp,* for appellant.

*Guy B. Reeves, Otis H. Nixon* and *J. R. Booker,* for appellee.

PAUL WARD, J. This is an appeal by Ora Lee McClain Strickland, hereafter referred to as Ora Lee, from a chancery decree, which found she was indebted to Dr. E. W. West in the sum of $842.45, with interest at ten per cent, amounting to $72.79, on a note secured by a mortgage on Lot 40, Block 17 of Booker Terrace Subdivision, in sections 16 and 21, township 2 north, range 11 west in Pulaski County; and the decree also found she was indebted to the Industrial Bank of Saint Louis in the sum of $964.16 with interest at six per cent from August 22, 1950, on a note given for repairs on the above mentioned property. Judgment was rendered for both amounts and foreclosure was ordered on the first judgment, and the second judgment was declared a lien on the same property, subject only to the said mortgage lien.

The suit originated by Dr. West suing to foreclose his mortgage. The decree of the lower court will be affirmed as to this phase of the appeal, without further discussion because Ora Lee, in the lower court, admitted signing the note and the mortgage and did not question the amount of the judgment, and makes no contention to the contrary here.

On motion of appellant the chancellor ordered service of summons on the Arkansas Home Building & Repair Company, S. L. Kay, and the General Contract Purchase Corporation, and all were thus made defendants. Then, after denying the allegations of Dr. West's complaint, appellant filed a cross-complaint against the other defendants in which she made the following allegations: That she entered into a contract November 8, 1948, with the Arkansas Home Building & Repair Company (hereafter referred to as Company) whereby the Company agreed to make certain repairs on the property above described (and apparently on Lots 41 and 42 of the same addition, which were owned by appellant) for a consideration of $1,400 and that the Company knew all the time

it did not intend to perform the contract; that in said contract the Company also agreed to take up the Dr. West note and to allow her ten years' time to pay both amounts; that the Company tricked and deceived her into signing a second contract on December 10, 1948, which was similar to the first one with the exception that it eliminated the said ten-years feature, and bound her to sign a note for said repairs payable "36 @ 35.14 G.C.P.C."—the meaning of which was not explained to her; that the Company on November 20, 1948, tricked her into signing an FHA Title I note for said repairs and without her knowledge sold same to the General Contract Purchase Corporation (hereafter referred to as Corporation); that, beginning February 27, 1949, she made monthly payments in the amount of $35.14 to the Corporation, totaling $300.62, believing that it was pursuant to the November 8th contract with the Company; that some repairs, but only to the extent of about $500, were made by the defendant Company before January 31, 1949; and she prays damages against the Company and S. L. Kay (Kay was an officer and agent of the Company) and asks for cancellation of the note held by the defendant Corporation.

After a general denial by the Company, Kay, and the Corporation, the Industrial Bank of Saint Louis intervened, stating that on January 10, 1949, it purchased from the Corporation the note in litigation, before maturity, without notice, for a lawful consideration, and was a holder in due course, and prayed judgment in the sum of $964.16.

The testimony fully sustains the finding of the chancellor that the Bank was the holder of said note in due course, for a lawful consideration, and since appellant offers no evidence to the contrary and admits signing the note, the judgment in this respect is here affirmed.

This brings us to a discussion of appellant's claim against the Arkansas Home Building & Repair Company. A photostatic copy of the November 8, 1948, contract and a ribbon copy of the December 12, 1948, contract are attached to and contained in the record. The

first one shows two long marks in the form of an ''X'' on its face. It details certain repairs and contains the words ''To Fur Mtg. Loan for 10 yrs.'' Appellant contends Kay cancelled it without her authority while she was in his office, although she admits making several monthly payments on the note which was executed by her pursuant to the second contract. The first contract was signed by appellant and one Etheridge for the Company and contained these words, ''Acceptance is subject only to the approval of our Credit Department and shall be considered an order to proceed with the improvements.'' Appellant admits she can read and that she did read both contracts as well as the note when she signed them.

Appellant contends the repairs were not made as called for in the contract of December 10, 1948, which details the things to be done, and contains everything embodied in the November 8, 1948, contract. Appellant's testimony fails to substantiate her contention that repairs were not made, except as to a small amount of piping for which the Company has reimbursed her. The finding of the chancellor that appellant was not entitled to recover from the Arkansas Home Building & Repair Company is not contrary to the weight of the evidence and the judgment of the lower court in this respect is likewise affirmed.

The decree of the lower court gave the Industrial Bank of Saint Louis a lien on appellant's property, subject only to the lien given Dr. West, to secure its judgment. We are unable to find anything in the record to justify this part of the decree. The Bank in its interplea made no such contention and no lien is asked for in the prayer. Also the note itself makes no mention of any lien and the record does not show that a lien was perfected under the statute providing for a materialmen's lien. The only lien the Bank would have under these circumstances would be that of a judgment creditor. In this connection the record does not disclose definitely whether the property involved' constituted appellant's homestead or, if it is her homestead, the exact amount of land it embraces. It will be remembered that Dr. West foreclosed on Lot 40, but appellant also owns Lots 41

and 42. The Bank would not have a judgment lien on the homestead or on the surplus of the proceeds thereof if sold under Dr. West's mortgage lien. See *Sims* v. *McFadden,* 217 Ark. 810, 233 S. W. 2d 375.

The judgment of the lower court will be affirmed in all respects except as to the part giving the Bank a lien on appellant's property, and as to this it is reversed with directions to the lower court for further orders respecting the Bank's lien not inconsistent with this opinion.